DISTRICT COURT.            September 1, 1862.

HABEAS CORPUS.

## THE UNITED STATES, ex parte CHARLES INGERSOLL.

1. The discharge of a person under confinement accomplishes the purpose of a writ of habeas corpus, and the expression of opinion as to the sufficiency of the reasons for the detention would be out of place.

2. The official character of the person to whom the writ was directed might possibly make an exception, if the case had been argued.

RETURN to Writ of Habeas Corpus.

THE MARSHAL returns writ of habeas corpus, I, William Millward, Marshal of the United States for the Eastern

District of Pennsylvania, do certify that before the coming of this writ of *habeas corpus*, the within named Charles Ingersoll was delivered into my custody by William H. Kern, the Provost Marshal of this city, for the United States, accompanied by an affidavit upon which the said Charles Ingersoll was arrested by the Provost Marshal, which affidavit, together with a report of the arrest, was sent by me to Major L. C. Turner, Judge Advocate, Washington, D. C., in pursuance of a general order from the War Department, and that on Saturday, the 30th of August, last past, a telegraphic despatch was received by me from the said L. C. Turner, Judge Advocate, directing me, by order of the Secretary of War, to release the said Charles Ingersoll from custody of which he has been notified, and released in pursuance of said order and is not restrained from his liberty.

BY THE COURT:

The purpose of the proceedings under a writ of *habeas corpus* is accomplished, when the party, whose personal liberty has been restrained, is effectually discharged from confinement. Its purpose is not to obtain redress, or indemnity for the imprisonment, if it has been unlawful. The present return, therefore, appears to me to terminate the proceedings. As the petitioner is not now under any restraint of his personal freedom, an expression by me of an opinion as to the sufficiency of the reasons alleged for the original imprisonment and detention would, I think, be out of place. The official character of the persons to whom the writ is directed, might, possibly, have made this case an exception from the general truth of the last remark if the case had been argued before me, so as to warrant the expression of an opinion.

But there has not been any such argument, and I therefore, inasmuch as the marshal returns that the petitioner is not under restraint, inform him that he is at liberty to depart, and go whither he may please.